An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GERALDINE TRICE,
Appellant,
vs.
J.P. MORGAN CHASE BANK,
Respondent.

No. 63052

**FILED**

SEP 20 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that respondent did not produce certified copies of her original promissory note and deed of trust at the

mediation. Based upon the mediator's statement, the documents submitted in the context of the petition for judicial review, and the evidentiary hearing, the district court did not clearly err in concluding that respondent produced certified copies of the original note and deed of trust. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed).

Appellant next contends that respondent failed to produce an assignment of the deed of trust. The district court correctly found that no assignment was necessary, as respondent obtained ownership of appellant's loan from the Federal Deposit Insurance Corporation as part of a large-scale acquisition of Washington Mutual's assets. *See* 12 U.S.C. § 1821(d)(2)(G)(i) (2006) (affording the FDIC the power to "transfer any asset or liability of the institution in default . . . without any approval, assignment, or consent with respect to such transfer"); *Drobny v. JP Morgan Chase Bank, NA*, ___ F. Supp. 2d ___, ___, 2013 WL 888628, *5 (N.D. Ill. 2013) (indicating that the FDIC's power to transfer assets under 12 U.S.C. § 1821(d)(2)(G)(i) obviates the need for an assignment of each individual loan).

Appellant next contends that respondent mediated in bad faith because it was unprepared to discuss issues regarding her property taxes. Because respondent appeared at the mediation prepared to discuss loan modification options, and because this is the FMP's purpose, it was not clearly erroneous for the district court to find that respondent mediated in good faith. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260.

To the extent that appellant has raised additional arguments concerning respondent's participation at the mediation, we have reviewed the record and conclude that these arguments are without merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Kathleen E. Delaney, District Judge
   Geraldine Trice
   Smith Larsen & Wixom
   Eighth District Court Clerk